IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

IN RE:  SUBPOENA TO MNE SERVICES, INC.

BRIEF IN SUPPORT OF MOTION OF MNE SERVICES, INC.,
A MIAMI TRIBAL CORPORATION, TO QUASH SUBPOENA

This motion seeks to quash a subpoena served on a non-party, tribally-owned, tribal corporation. The Miami Tribe of Oklahoma is a federally recognized Indian Tribe under the Oklahoma Indian Welfare Act of 1935. MNE Services, Inc. is a tribal corporation established under the Miami Tribe of Oklahoma Tribal Business Corporations ordinance and is wholly owned by Miami Nation Enterprises, Inc., which is wholly owned by the Miami Tribe. The Plaintiff James Dixon in *Dixon v. BMO Harris Bank N.A.* (M.D.N.C. Case No. 1:13-CV-897), to which case both MNE Services, Inc. and the Miami Tribe are strangers, served a subpoena on MNE Services, Inc. Tribal sovereign immunity enjoyed MNE Services, Inc. requires that the subpoena be quashed.

I.     MNE SERVICES, INC. POSSESS TRIBAL SOVEREIGN IMMUNITY

Indian Tribes possess inherent sovereign immunity. *Michigan v. Bay Mills Indian Community*, 572 U.S. ___, 134 S. Ct. 2024, 2030 (2014). That immunity includes the common law immunity from suit traditionally enjoyed by sovereign powers. *Id.* That tribal sovereign immunity requires "dismiss[al] of any suit against a tribe absent congressional authorization (or a waiver)." *Id.* That tribal sovereign immunity applies even to the tribe's commercial activities with non-tribal parties. *Kiowa Tribe of Okla. v. Mfg. Techs., Inc.*, 623 U.S. 751, 756 (1998). Tribal corporations and other business entities owned by a tribe have been recognized as possessing

{1433791;}

sovereign immunity. *Barker v. Menominee Nation Casino,* 897 F. Supp. 389, 393 (E.D. U.S. 1995) (stating that "an action against a tribal enterprise is, in essence, an action against the tribe itself" and applies to tribal sovereign immunity and a casino corporation whose charter was issued through tribal ordinance and pursuant to trial constitution.) *Rewr v. Grand Casino Hinckley,* 2010 U.S. Dist. LEXIS 87765, 26-27 (D. Minn. July 12, 2010). See also *Cook v. AVI Casino Enterprises, Inc.,* 648 F.3d 718, 726 (9th Cir. 2005) (affirming the District Court's holding that casino was an arm of the tribe).

The Tenth Circuit has recognized that tribal subordinate economic entities organized under tribal law are eligible for tribal sovereign immunity when a close relationship exists between the tribe and the entity organized in some form or another under tribal law. *Somerlott v. Cherokee Nation Distributors, Inc.,* 686 F.3d 1144, 1149 (10th Cir. 2012). To evaluate that relationship, the Court in *Breakthrough Management Group, Inc. v. Chukchansi Gold Casino & Resort,* 629 F.3d 1173, 1187 (10th Cir. 2010) identified six factors as helpful in informing the inquiry as to qualification as a subordinate economic entity entitled to share in a tribes immunity: 1) the method of creation of the economic entities; 2) its purpose; 3) its structure ownership and management, including the amount of control the tribe has over the entity; 4) the tribe's intent with respect to the sharing of its sovereign immunity; 5) the financial relationship between the tribe and the entity; and 6) the policies underlying tribal sovereign immunity and its connection to tribal economic development, and whether those policies are shared by granting immunity to the economic entity.

MNE Services, Inc. meets those factors and is a subordinate economic entity of the Miami Nation entitled to tribal immunity. As detailed in the Declaration of Robin Lash, General Counsel of the Miami Tribe, attached as Exhibit "1", The Miami Nation Enterprise Act, enacted as legislation by the Tribal Business Committee of the Miami Tribe of Oklahoma pursuant to the

Miami Constitution, created as a corporation, Miami Nation Enterprises ("MNE") as a subordinate economic enterprise of the Tribe. MNE's purpose includes economic development of the Tribe. The Act requires that MNE's affairs are managed by a Board of Directors appointed by the Tribe's Chief with advice and consent of the Tribe's Business Committee, which is a combined legislative and executive. The Act expressly states that MNE shall enjoy the right of sovereign immunity from civil suit and cannot waive that immunity without a resolution of the Tribal Business Committee.

The creation of MNE Services, Inc., was authorized by the Tribal Business Committee as a tribal corporation wholly owned by MNE and a governmental instrumentally of the tribe for the economic advancement of the Tribe and its members. Tribal sovereign immunity from suit is expressly conferred on MNE Services, Inc. The directors are appointed by the CEO of MNE.

Accordingly, under the *BMG* factors, MNE Services, Inc., as created by the Tribe pursuant to Tribal Constitution and Ordinance, is a governmental entity for the purposes of tribal economic development. MNE Services, Inc. is a wholly owned subsidiary of the Tribe's economic development entity, MNE, Inc. and is managed by directors appointed by MNE's CEO, who answers to a Board appointed by the Chief and confirmed by the Tribal Business Committee. The Tribe has expressly shared its sovereign immunity with MNE Services. The financial relationship between MNE Services and the Tribe, through MNE, Inc. is share of production of revenue for tribal economic development. The policies underlying sovereign immunity and its connection to tribal economic development are well served by the sovereign immunity of MNE Services, Inc. by allowing it to grow and protect economic assets used to further the tribal governmental function of economic development.

## II. THE THIRD-PARTY SUBPOENA IS A SUIT THAT TRIGGERS MNE SERVICES, INC.'S TRIBAL SOVEREIGN IMMUNITY.

The Tenth Circuit has unequivocally recognized that a subpoena *duces tecum* served directly on Indian Tribe triggers sovereign immunity. As the court explained:

> According to binding precedent then: tribes are immune from "suit" under Kiowa, "suit" includes "judicial process" under Murdock, and a subpoena duces tecum is a form of judicial process under Becker. The logical conclusion, therefore, is that a subpoena duces tecum served directly on the Tribe, regardless of whether it is a party to the underlying action, is a "suit" against the Tribe, triggering trial sovereign immunity.

*Bonnett v. Harvest (U.S.) Holdings, Inc.*, 741 F.3d 1155, 1160 (10th Cir. 2014)[1]. See also *Alltel Communications, LLC v. DeJordy*, 675 F.3d 1100 (8th Cir. 2012) (discussed in *Bonnett* and holding that a subpoena on a non-party employee of a tribe was barred by sovereign immunity).

Therefore, the subpoena is a suit that triggers MNE Services, Inc.'s sovereign immunity and warrants an order quashing that subpoena.

## CONCLUSION

MNE, a tribal corporation owned by a tribe enjoys that tribe's sovereign immunity from suit, which in this circuit extends to subpoenas. Accordingly, the subpoena should be quashed.

---

[1] *Bonnett* was decided before the Supreme Court's reaffirmation in *Michigan v. Bay Mills Indian Community*, Supra, that Indian tribes possess the common law immunity from suit traditionally enjoyed by sovereign powers.

{1433791;}

Respectfully Submitted,

*s/Graydon Dean Luthey, Jr.*
Graydon Dean Luthey, Jr. OBA No. 5568
Adam C. Doverspike, OBA No. 22548
GABLEGOTWALS
1100 ONEOK Plaza
100 West Fifth Street
Tulsa, OK  74103
(918) 595-4800
(918) 595-4990 (fax)
ATTORNEYS FOR MNE SERVICES, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of September, 2015, I filed the attached document with the Clerk of the Court. Based on the records currently on file in this case, the Clerk of the Court will transmit a Notice of Electronic Filing to those registered participants of the Electronic Case Filing System.

I hereby certify that on this 18th day of September, 2015, I served the attached document by U.S. Mail, postage prepaid, on the following, who are not registered participants of the ECF System.

F. Hill Allen
Tharrington Smith, LLP
P.O. Box 1151
Raleigh, NC 27602
hallen@tharringtonsmith.com

*s/Graydon Dean Luthey, Jr.*

{1433791;}